IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,889-01






EX PARTE HOBART OLIVER BOLDING, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11,171-A IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and
sentenced to five (5) years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
advised him that his projected release date would remain the same when he pleaded guilty to this
offense. Specifically, he alleges that he was confined on a five-year sentence for aggravated robbery
when he committed this offense and was supposed to be released on April 8, 2008. He alleges that
his projected release date changed from April 8, 2008, to May 23, 2009, when he pleaded guilty in
this case. He alleges that counsel's advise that the projected release date would remain the same was
objectively deficient and that he would not have pleaded guilty, but for counsel's deficient advise. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel in that it shall order counsel to file an affidavit addressing whether
counsel advised Applicant that the projected release date would remain the same when Applicant
pleaded guilty in this case. The affidavit shall address whether counsel advised Applicant that he
would not have to serve any more time because this sentence would be ordered to run concurrently
with a five-year sentence for aggravated robbery that Applicant was already serving. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Specifically, the trial court shall make findings of fact as to whether counsel advised Applicant that
the projected release date would remain the same when Applicant pleaded guilty to this offense. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 11, 2008

Do not publish